IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREDERICK STONE, | § | |
| #0655-23, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:23-CV-581-M-BK |
| | § | |
| ANTON MIKESKA, ET AL., | § | |
| DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff's motion to proceed *in forma pauperis*. Doc. 5. As detailed here, this case should be **DISMISSED** in part and **STAYED** in part pending the resolution of the state-court criminal proceedings.

**I. BACKGROUND**

This civil action arises from Frederick Stone's arrest on February 24, 2023, and the ensuing state prosecution for arson, which is pending in Cause No. 49544CR, in Ellis County, Texas. On March 16, 2023, Stone filed the instant complaint and, on March 29, 2023, a grand jury returned the indictment against him.[1] Doc. 3 at 4; Doc. 7 at 1. Stone is a pretrial detainee at

---

[1] Stone mailed his answers to the Magistrate Judge's Questionnaire a few days before the indictment was returned. The criminal case docket sheet is available on the Ellis County website at http://countyinfosearch.com/home.html (last accessed April 13, 2023).

the Ellis County Jail (Wayne McCollum Detention Center) and is represented by counsel in the pending state criminal case.

In his complaint, Stone names as defendants Detective Anton Mikeska and the Waxahachie Police Department. Doc. 3 at 1, 3. As best the Court can glean, Stone asserts that he was illegally arrested and his cell phone was wrongfully seized and searched. Doc. 3 at 4; Doc. 7 at 2-3. Stone states that he was arrested on February 16, 2023, and then taken to the hospital because of open wounds. Doc. 7 at 2. While at the hospital, Mikeska allegedly ordered that Stone's phone be seized and searched, Doc. 7 at 2-3, and later that he be arrested without reading Stone his *Miranda* rights. Doc. 3 at 2. Stone also claims that Mikeska communicated with his wife and attempted to turn her against him by showing her information on his cell phone. Doc. 3 at 4. Stone supposes that Mikeska could have "caused bodily harm to [his] wife." Doc. 3 at 4.

By this action, Stone seeks suppression of any evidence recovered from his cell phone. Doc. 3 at 4. He also requests the return of his cell phone and $300,000 in damages. Doc. 3 at 4.

After review of the pleadings and the applicable law, the Court concludes that (1) Stone's claims related to his arrest and the search and seizure and suppression of any evidence in the pending criminal case are barred by the *Younger* abstention doctrine and thus should be dismissed for lack of jurisdiction, (2) his related claims for damages should be stayed pending the final resolution of his state criminal charge, and (3) Stone's other claims should be dismissed.

**II. ANALYSIS**

**A. Claims for Federal Intervention in Pending State Criminal Proceedings**

This Court must first examine the threshold question of whether it has subject matter jurisdiction. It is an issue of paramount concern that should be addressed, *sua sponte* if

necessary, at any time throughout the proceedings. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction sua sponte"); FED. R. CIV. P. 12(h)(3).

As is relevant here, the *Younger* abstention doctrine precludes federal courts from granting injunctive relief based on constitutional challenges to state criminal prosecutions that are pending at the time the federal action is instituted. *Younger v. Harris,* 401 U.S. 37, 41 (1971). For *Younger* to apply, three criteria must be satisfied: (1) the dispute must involve an ongoing state judicial proceeding; (2) an important state interest in the subject matter of the proceeding must be implicated; and (3) the state proceeding must afford an adequate opportunity to raise constitutional challenges. *Wightman v. Tex. Supreme Court,* 84 F.3d 188, 189 (5th Cir. 1996) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)).

The *Younger* abstention requirements are met here, as Stone seeks federal intervention to resolve trial issues related to his pending state criminal proceedings—specifically issues related to his arrest, the search and seizure of his cell phone, the admissibility of evidence retrieved from his phone, and suppression of evidence. What Stone asks this Court to do is "precisely the crux of what *Younger* forbids a federal court to do." *Boyd v. Farrin*, 575 F. App'x 517, 519 (5th Cir. 2014); *see also Nobby Lobby, Inc. v. City of Dallas,* 970 F.2d 82, 86 (5th Cir. 1992) ("Under *Younger* and its companion cases, a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff."). It is apropos that the state has a vital interest in prosecuting violations of its criminal laws. *DeSpain v. Johnston,* 731 F.2d 1171, 1176 (5th Cir. 1984) ("The state has a strong interest in enforcing its criminal laws."). Also, Stone can raise his claims—including any constitutional

challenges related to his arrest, the allegedly unreasonable search and seizure, and suppression issue—in the state trial court where, importantly, he is represented by counsel. Finally, this case falls outside the very narrow category of "extraordinary" cases in which federal injunctive relief against a pending state prosecution would be warranted. *See Kugler v. Helfant,* 421 U.S. 117, 124-25 (1975).

In sum, because Stone cannot show that any exception to the *Younger* abstention doctrine is warranted, the Court should abstain from exercising jurisdiction over his claims for federal intervention in his Ellis County prosecution. *See Boyd*, 575 F. App'x at 519 (dismissing under the *Younger* abstention doctrine injunctive relief claims by pretrial detainee relating to his pending criminal prosecution).

### B. Claims for Monetary Damages for Wrongful Arrest and Search and Seizure

As noted, Stone also seeks compensatory damages. "[T]he *Younger* abstention doctrine is not applicable to a claim for damages." *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994) (per curiam) (citation omitted). At any rate, "[e]ven if *Younger* applies [to other requests for relief], the proper course of action is for a district court to stay the claims for damages pending the outcome of the state proceedings, such that they can move forward without interference." *Boyd*, 575 F. App'x at 519 (citing *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988)); *see also Lewis*, 20 F.3d at 125 (affirming stay of "claims for monetary relief that cannot be redressed in the [pending] state proceeding").

Stone's claims that Defendants wrongfully arrested him and searched and seized his cell phone necessarily imply the invalidity of his pending state charge. Thus, his claims for damages should be stayed until prosecution of the Ellis County charge against Stone is disposed of. *See Profit v. Ouachita Par.*, 411 F. App'x 708, 709 (5th Cir. 2011) (noting with approval that district

4

court had stayed a civil case attacking the legality of a detainee's arrest, prosecution, and detention pending the resolution of criminal charges); *Busick v. City of Madison*, 90 F. App'x 713, 713-14 (5th Cir. 2004) (per curiam) (holding that, where it is impossible to determine whether civil claims relating to an arrest and criminal prosecution necessarily implicate the validity of any conviction or sentence that the plaintiff might receive in ongoing criminal proceedings, the district court should stay the civil proceedings pending resolution of the criminal charges against the plaintiff).

### C. Remaining Claims Should be Dismissed

Because Stone is proceeding *in forma pauperis*, his remaining claims are subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). These statutes authorize the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious or (2) fails to state a claim upon which relief may be granted. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Stone's remaining claims fail to state a claim upon which relief can be granted.

5

*1. A Miranda Violation is Not Actionable under § 1983*

Stone asserts that Defendants arrested him without reading his *Miranda* rights. Doc. 3 at 3. The Supreme Court recently held that "a violation of *Miranda* does not necessarily constitute a violation of the Constitution, and therefore such a violation does not constitute 'the deprivation of a right secured by the Constitution.'" *Vega v. Tekoh*, --- U.S. ---, 142 S. Ct. 2095, 2106 (2022) (alterations omitted) (quoting 42 U.S.C. § 1983). The Court explained that, even if a state actor violates a defendant's *Miranda* rights, the proper remedy is "the suppression at trial of statements obtained in violation of *Miranda*" and "[a]llowing the victim of a *Miranda* violation to sue a police officer for damages under § 1983 would have little additional deterrent value[.]" *Id.* at 2107. Because no cause of action is available under § 1983 for a *Miranda* violation, Stone *Miranda*-based claims fail to state a claim and should be dismissed with prejudice.

*2. Claims on Behalf of Plaintiff's Wife are not Permitted*

Stone also purports to sue on behalf of his wife. But he is not a licensed attorney and is thus neither qualified nor permitted to represent his wife before this Court. "'28 U.S.C.A. § 1654 . . . only allows for two types of representation: that by an attorney admitted to the practice of law . . . and that by a person representing himself.'" *Gonzales v. Wyatt*, 157 F.3d 1016, 1021-22 (5th Cir. 1998)) (citations omitted); *see also* Fed. R. Civ. P. 11(a) (requiring that every pleading, motion and other paper must be signed by an attorney or by a party personally if the person is unrepresented). Accordingly, Stone's claims on behalf of his wife should be dismissed without prejudice to his wife filing her own case, if desired.

*3. Waxahachie Police Department is Not a Suable Entity*

Nor may Stone sue a servient political agency or department, such as the Waxahachie Police Department, unless such agency or department enjoys a separate legal existence. *See*

*Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) ("[U]nless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself."). Because Stone seeks relief from an entity that is not subject to suit under § 1983, his allegations against the Waxahachie Police Department fail to state a claim upon which relief may be granted.[2]

### III. LEAVE TO AMEND - REMAINING CLAIMS

Generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Even so, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* Here, based on the legal theories and facts Stone posits in his remaining claims, the Court concludes that he cannot state a plausible legal claim. In addition, the Court has already permitted Stone to supplement his complaint through answers to the Magistrate Judge's Questionnaire. Doc. 7. Under these circumstances, the Court concludes that Stone has already pled his best case and granting further leave to amend with respect to his remaining claims would be futile and cause needless delay.

### IV. CONCLUSION

For all these reasons, Stone's claims for federal intervention in his pending state criminal case—relating to his arrest, search and seizure of his cell phone, and suppression of any evidence—should be **DISMISSED WITHOUT PREJUDICE** as barred by the *Younger* abstention doctrine. Stone's related claims for damages should be **STAYED** and this case

---

[2] Because Stone named as a defendant a non-jural entity, he had a chance to name any other defendant in answer to the questionnaire but did not do so. Doc. 7 at 4. *See Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993).

**ADMINISTRATIVELY CLOSED**, pending the final resolution of the state criminal charge in Ellis County Case No. 49544CR.  However, because the prompt resolution of pending matters is important, Stone should also be (1) ordered to move to reopen this case within 60 days after entry of judgment or an order of dismissal in his state criminal court cases, and (2) advised that failure to do so will result in dismissal under Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with a Court order.

Further, Stone's claims against the Waxahachie Police Department and for *Miranda* violations against all Defendants should be **DISMISSED WITH PREJUDICE** for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).  Stone's claims on behalf of his wife should be **DISMISSED WITHOUT PREJUDICE** to his wife filing her own case if appropriate

**SO RECOMMENDED** on April 24, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).